## C. W. Lewis v. T. J. Rasp and John York.

### (Filed March 4, 1904.)

1. **ATTACHMENT—Motion to Quash.** Where the return of an officer to a writ of attachment is regular in form, and the property is held by him under such writ, the burden is upon the debtor, in a motion to quash for irregular service, to show that the writ was in fact not served as stated in the return.

2. **HERD LAW—Trespass, Damages for.** The district court and the supreme court of this Territory will take judicial knowledge that Canadian county is not located in that part of the Territory where persons may permit their stock to run at large, under the provisions of article 2, of chapter 2, of the Session Laws of 1899.

3. **EVIDENCE.** Where a judgment is reasonably supported by the evidence, it will not be disturbed on appeal.

(Syllabus by the Court.)

*Error from the District Court of Canadian County; before C. F. Irwin, Trial Judge.*

*Baldwin & Marsh,* for plaintiff in error.

*R. B. Forrest,* for defendant in error.

Opinion of the court by

Burwell, J.: This action was for the trespass of cattle upon the growing crops of the plaintiff, who secured judgment for $250.00 and costs. The defendant appeals.

In the district court, the defendant filed the following motion:

"Comes now the defendant above named and appearing specially for the purpose of this motion and none other, moves the court to vacate and discharge the pretended levy of the attachment heretofore issued herein for the following reasons, to wit: Because the officer, in pretending to levy said attachment, simply drove thirty head of steers out of the

herd, and then turned them back into the herd, and no sufficient levy of attachment was made.

"(Signed) Marsh & Wallace,
"Attorneys for defendant."

There were no affidavits or evidence offered in support of this motion. The officer's return was regular on its face, and, that being true, the burden was upon the defendant to show that the writ was not served in the manner stated in the return, and it is presumed in law, in the absence of proof to the contrary, that a return made by a sheriff to an order of attachment speaks the truth. The record is not in such condition as will enable us to pass on the question raised in the motion to quash; hence we express no opinion in relation thereto. We only hold that, under the circumstances, it was properly overruled.

It is next insisted that the petition does not state a cause of action, because it fails to allege that the land described therein, and on which the growing crops were destroyed, was not located in the free range district. This land is in Canadian county, and the district courts, as well as this court, will take judicial notice that Canadian county, under the provisions of article 2 of chapter 2 of the Session Laws of 1899, is not in the free range district.

The evidence is ample to sustain the judgment. We have considered every question raised, and are of the opinion that the judgment should be affirmed. It is so ordered, at cost of appellant.

Irwin, J., who presided in the court below, not sitting; Burford, C. J., absent; all of the other Justices concurring.